**James R. GOFF, Petitioner–Appellant**

v.

**Margaret BAGLEY, Warden, Respondent–Appellee.**

No. 06–4669.

United States Court of Appeals, Sixth Circuit.

Aug. 25, 2010.

David J. Graeff, Westerville, OH, W. Joseph Edwards, Law Office of W. Joseph

Edwards, Columbus, OH, for Petitioner–Appellant.

Lisa M. Stickan, Office of the Attorney General of Ohio, Cleveland, OH, Carol Ann Ellensohn, Attorney General's Office Of Ohio Capital Crimes Section, Columbus, OH, for Respondent–Appellee.

BEFORE: MERRITT, MOORE and GILMAN, Circuit Judges.

## ORDER

Upon consideration of the petition for rehearing and/or motion for leave to further brief one (01) issue filed by the appellant,

It is **ORDERED** that the appellant's petition for rehearing and the motion are hereby **DENIED**.

MERRITT, Circuit Judge, dissenting.

### Statement dissenting from denial of Panel Rehearing

For the reasons stated by appellant Goff in his petition for panel rehearing, I would grant the rehearing. Goff elaborates in his petition that *Beck v. Alabama,* 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), outlaws the type of jury instruction before us in this case. Where the petitioner's reasoning attacks the same jury instructions on similar constitutional grounds, I would not hold that the argument presented in a petition to rehear has been waived or procedurally defaulted in a death penalty case. The Court's ruling means that Goff has not been allowed to present his *Beck* argument and will be executed without allowing its presentation and consideration by any court. It may be that in other types of cases this might not make too much of a difference; but I believe strongly, as pointed out in many cases, that "death is different." I would not cut off this man's right to present his argument now.